**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**


| | | |
|---|---|---|
| **FEDERAL DEPOSIT** | ) | |
| **INSURANCE CORPORATION,** | ) | |
| **As Receiver of BankFirst,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **CIVIL ACTION FILE** |
| | ) | **NO. 1:11-CV-1622-AT** |
| **V.** | ) | |
| | ) | |
| **ACE MORTGAGE FUNDING, INC.,** | ) | |
| **OLYMPIA D. AMMONS, ET AL.,** | ) | |
| | ) | |
| **Defendants.** | ) | |


## GEORGIA REAL ESTATE APPRAISERS BOARD'S MOTION FOR RECONSIDERATION

COMES NOW, the Georgia Real Estate Appraisers Board (hereinafter "Board") by and through counsel, Samuel S. Olens, Attorney General for the State of Georgia, and files this Motion for Reconsideration of this Court's Order dated March 1, 2013, denying the Board's Motion to Quash.

## STATEMENT OF THE CASE

The above-referenced Plaintiff served a subpoena on the Board, a non-party to this action, for production of documents on January 30, 2013.  (See Dkt. #127). The Plaintiff requested confidential investigative records, if any, pertaining to three

of the named Defendants in this action.  Counsel for the named Defendants filed Motions to Quash as did counsel for the Board.  Counsel for the Plaintiff filed a Response in Opposition to the Motions to Quash.  This Court issued an Order dated March 1, 2013, finding that state law governs all substantive claims in the pending action. (See Dkt. #138)  Further, this Court found that the Federal Rules of Civil Procedure (F.R.C.P.) and Evidence govern issues related to discovery, such as whether to quash a subpoena, and that the Court's authority to quash a subpoena derives from F.R.C.P. 45(c)(3).

This Court noted that under F.R.C.P. 45(c)(3), records which are privileged or otherwise protected are not subject to production pursuant to that rule.  This Court also recognized that O.C.G.A. § 43-39A-22(d), which sets forth the law of the State of Georgia as to investigative records of the Board (hereinafter the "Appraiser Board Statute"), provides that records such as those requested are not to be subject to subpoena in any civil action, but went on to find that O.C.G.A. § 43-39A-22(d) does not create a privilege and the requested records are not "Protected Matter" as contemplated by F.R.C.P. 45(c)(3).  Thus, this Court has ordered the parties to this action and the Board to confer and submit a protective order setting forth the terms by which the Board shall be required to provide to the Plaintiff

confidential investigative materials.  The Board now moves this Court to reconsider its denial of the Motion to Quash filed by the Board.

## ARGUMENT AND CITATION OF AUTHORITY

A motion for reconsideration is appropriate where there is a need to correct a clear error of law or fact.  See Tatroe v. Cobb County, Ga., No. 1:04-CV-1074-WSD, 2008 U.S. Dist. LEXIS 9458, at *7 (N.D. Ga. Feb. 8, 2008).  Local Rule 7.2(E) states that a motion for reconsideration should not be filed as a routine practice, but only when absolutely necessary.

In its Order dated March 1, 2013, this Court found that the protections of the Appraisers Board Statute, O.C.G.A. § 43-39A-22(d), did not rise to the level of a recognized privilege under Georgia law.  This finding was based on the fact that the Appraisers Board Statute pertaining to the confidentiality of investigative records was not included in the non-exhaustive list of privileges set forth in O.C.G.A. § 24-5-501; and, that this Court could find no case recognizing the protections of the Appraisers Board Statute as a privilege.  Further, the Court also noted the Board failed to adequately identify cases which would be beneficial to this Court in its analysis.  The Court undertook independent research, but failed to identify any relevant authority.

With the benefit of the Court's perspective, the Board has further researched the issue and identified the case of <u>Skoglund v. Durham</u>,  233 Ga. App. 158, 502 S.E.2d 814 (1998) as a case of substantial relevance and importance to the proper disposition of the issue now before the Court.  In the <u>Skoglund</u> case, the Georgia Court of Appeals resolved an issue of first impression in Georgia; whether statements made in a request to investigate filed with the Georgia Real Estate Commission were entitled to absolute privilege.  The Court concluded that the statements were entitled to absolute privilege based on the criteria of O.C.G.A. § 51-5-8 and the public policy rationale of O.C.G.A. § 43-40-27.

While <u>Skoglund</u> involved the Georgia Real Estate Commission, and not the Board, its holding is as applicable to the Board as it is to the Commission.  The confidential records provision of the statute governing the Georgia Real Estate Commission, O.C.G.A. § 43-40-27(d), has the same language as the Appraisers Board Statute, O.C.G.A. § 43-39A-22(d), save for the identification of the regulatory entities.  Consequently, it is reasonable to conclude that the finding of an absolute privilege for the statute governing investigative records of the Georgia Real Estate Commission is applicable also to the statute governing investigative records of the Board.

In its holding in <u>Skoglund</u>, the Georgia Court of Appeals found that the privilege contained in O.C.G.A. § 51-5-8, governing averments contained in pleadings, could be broadly construed to include the investigative proceedings under O.C.G.A. § 43-40-27, which are of a "judicial nature."  <u>Id</u>. at 160.  In the instant case, the Board's receipt of a complaint and supporting documents, as well as its generation of an investigative report based on the allegations contained in the complaint, are of a judicial nature.  Further, the conclusions drawn in any investigative report are drawn solely from the allegations contained in the complaint and the subsequent investigation, without any opportunity for rebuttal by the subject of the investigation.

In addition, the Georgia Court of Appeals found in <u>Skoglund</u> that the Commission's statute "provides a level of confidentiality which protects both the complainant and the respondent, making imposition of an absolute privilege even more germane to the statutory purpose." <u>Id</u>. at 161.  Although the underlying issue in the <u>Skoglund</u> case focused on a claim of fraud contained in a request to investigate, the rationale for finding an absolute privilege would apply to the case before this Court.

Another case submitted for consideration is <u>Dean v. State</u>, 267 Ga. 306, 477 S.E.2d 573 (1996), in which the Georgia Supreme Court considered a statute

governing the records of the Georgia Parole Board with language similar to the
Appraiser Board Statute.  In that case the Court reviewed the language of O.C.G.A.
§ 42-8-40 which states "[a]ll reports, files, records, and papers of whatever kind
relative to the state-wide probation system are declared to be confidential and …
shall not be subject to process of subpoena."  O.C.G.A. § 42-8-40.  The Georgia
Supreme Court determined that the language of the statute created a privilege.  See
Dean v. State, 267 Ga. 306, 307, 477 S.E.2d 573 (1996).

The General Assembly of the State of Georgia intended for the investigative
records of the Board to be exempt from subpoena in civil matters.  In considering
whether a privilege exists as to the investigative records of the Board, this Court
should, as it has done, consider the Georgia law on this issue.  That being the case,
this Court should vacate its Order in this case in light of the Skoglund case and
O.C.G.A. § 51-5-8.  Not only does Georgia law state, specifically, that the records
of Board investigations shall not be subject to subpoena in civil actions, but the
case law of Georgia supports the conclusion that investigative records of the Board
are privileged and not subject to disclosure in discovery proceedings.

The Board submits that Georgia's statutory and case law are sufficient to
overcome the Court's concerns based on the fact that (1) the Appraisers Board
Statute referenced above does not state that investigative records of the Board are

privileged, and (2) the evidence code does not include the Appraisers Board Statute as a listed privilege. Where the confidentiality that is afforded to records is clear under statutory law, the omission of the word "privilege" from the terms of the statute does not mean that it should not be found to create a privilege.[1] In determining whether the Appraisers Board Statute creates a privilege, this Court has relied on the word "confidential" to determine that a duty has been created as opposed to a privilege. But, if a privilege is the legal right to be exempt from disclosing a communication and Georgia's appellate courts have found investigative records such as those which are the subject of the FDIC's subpoena to be privileged, there is no stronger justification to find the existence of a privilege in this case. It warrants repeating that the General Assembly of the State of Georgia, which passed a law stating that the investigative records of the Board would not be subject to subpoena in civil matters, would consider the records in question privileged. Accordingly, the Board submits the Order of this Court finding that the law of Georgia does not create a privilege as to investigative records is in error and should be vacated.

---

[1] The wide-ranging impact on other licensing boards, and entities of the State of Georgia of such a ruling cannot be overstated. Counsel has identified 26 other professions which would potentially be impacted by this ruling and three other statutes with similar wording.

Alternatively, in its Order referenced above, this Court found that the Board failed to adequately present an argument that investigative records of the Board protected by the Appraiser Board Statute should be considered "Protected Matter" as permitted in F.R.C.P. 45 (c)(3). The Board submits that in the absence of case law dealing with the specific statute, the Court should look to the nature of the protection afforded the requested documents. Here, the plain meaning of the language used in the Appraiser Board Statute would appear to be sufficient in the absence of specific case law to reach such a conclusion. While the Board cannot cite to any cases stating that the Appraiser Board Statute has been treated as other protected matter, there can be no doubt that the Georgia General Assembly intended that investigative records of the Board should be protected from use in civil cases. It follows that, if, as the Court has found, state law should control the scope of discovery in this case, records that are protected by State law ought to also constitute "protected matter" of F.R.C.P. 45. Under that standard, state law would be a primary consideration. It is also well settled law in Georgia that courts may not interpret a statute in such a way as to render any part of it meaningless. See R.D. Brown Contractors, Inc. v. Bd. of Educ. of Columbia County, 280 Ga. 210, 212 (2006). While this is not to suggest that Georgia law controls this Court, it is to say that this Court should apply state law in determining what is "protected

matter" if state law is in fact a material consideration to the disposition of the issue before the Court.

## CONCLUSION

Wherefore, the Board prays this Court will reconsider its Order denying the Board's Motion to Quash the above-referenced subpoena, vacate its Order dated March 1, 2013, and issue an order affording privilege to the subpoenaed documents referenced above.  The Board respectfully requests an expedited ruling on this motion.

## <u>LOCAL RULE 7.1 (D) CERTIFICATION</u>

I hereby certify that this document has been prepared in accordance with Local Rule 5.1 (B) of the Northern District of Georgia.

Respectfully submitted this 11th day of March, 2013.

SAMUEL S. OLENS               551540
Attorney General


ISAAC BYRD                    101150
Deputy Attorney General


JANET BOLT WRAY               066129
Senior Assistant Attorney General

/s/ALISON L. SPENCER          671874
Senior Assistant Attorney General


PLEASE ADDRESS ALL
COMMUNICATIONS TO:

ALISON L. SPENCER
Senior Assistant Attorney General
40 Capitol Square, SW
Atlanta, Georgia  30334-1300
Telephone: (404) 657-5759

## <u>CERTIFICATE OF SERVICE</u>

I do hereby certify that I have this day served the within and foregoing

**GEORGIA REAL ESTATE APPRAISERS BOARD'S MOTION FOR**

**RECONSIDERATION**, by United States Mail having the proper postage and

properly addressed upon:

> George P. Shingler, Esq.
> Shingler Lewis, LLC
> 1170 Peachtree Street, Suite 1200
> Atlanta, Georgia 30309
>
> William W. Horlock, Jr., Esq.
> David Rhodes, Esq.
> Sommers, Bass, Quillian, Horlock,
> Taylor & Lazarus, LLP
> 900 Circle 75 Parkway, Suite 850
> Atlanta, Georgia 30339-3084
>
> Leigh M. Wilco, Esq.
> Laura S. Morris, Esq.
> Weissman, Nowack, Curry & Wilco, P.C.
> 3500 Lenox Road, 4th Floor
> Atlanta, Georgia 30326

This 11th day of March, 2013.

> /s/Alison L. Spencer_____
> Senior Assistant Attorney General