IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| FEDERAL DEPOSIT INSURANCE CORPORATION, as Receiver of BankFirst, | : : : : | |
| Plaintiff, | : : | CIVIL ACTION NO. 1:11-CV-1622-AT |
| v. | : : | |
| ACE MORTGAGE FUNDING, INC., et al., | : : : : | |
| Defendants. | : | |

## ORDER

This matter is now before the Court on nonparty Georgia Real Estate Appraisers Board's (the "Board") Motion for Reconsideration [Doc. 139] requesting that this Court reconsider its decision denying the Board's Motion to Quash (Doc. 132). Defendants Bob D. Hutchins's and Shirley Gore's (collectively, "Defendants"), who also filed motions to quash, (Docs. 128, 129), joined in this motion for reconsideration (Doc. 146).

## I. LEGAL STANDARD

"Parties . . . may not employ a motion for reconsideration as a vehicle to present new arguments or evidence that should have been raised earlier, introduce novel legal theories, or repackage familiar arguments to test whether the Court will change its mind." *Brogdon v. Nat'l Healthcare Corp.*, 103 F. Supp. 2d 1322, 1338 (N.D. Ga. 2000) (internal citations omitted). Rather, appropriate

grounds for reconsideration include: (1) an intervening change in controlling law, (2) the availability of new evidence, and (3) the need to correct clear error or prevent manifest injustice. *See Estate of Pidcock v. Sunnyland Am., Inc.*, 726 F. Supp. 1322, 1333 (S.D. Ga. 1989).

## II. DISCUSSION

In the underlying action, FDIC alleges Defendants negligently and/or fraudulently performed appraisal services in connection with three loans financed by BankFirst.[1] Pursuant to an open records request, FDIC learned that in 2008 the Georgia Real Estate Appraisers Board (the "Board") conducted an investigation of Mr. Hutchins's performance of three appraisals, including the Francis Road appraisal at issue in this action. (Pl.'s Resp. Opp'n, Doc. 133, at 2.) FDIC also learned that the Board initiated a disciplinary action against Mr. Hutchins but later dismissed it as moot when Mr. Hutchins surrendered his license. (*Id.* at 2–3.) Ms. Gore surrendered her license only weeks later. (*Id.*)

Armed with this information, FDIC issued a Subpoena To Produce Documents, Information, or Objects ("Subpoena") to the Georgia Real Estate Appraisers Board on January 16, 2013. (*See* Doc. 127.) The Subpoena requested "copies of any and all records related to investigations made and/or disciplinary actions taken by [the Board]" regarding: (1) the revocation of the license of the

---

[1] According to the Amended Complaint, Defendant Gore performed appraisals at two of the properties at issue: Lum Crow Road and Doral Drive. (Am. Compl. ¶ 240.) Defendant Hutchins performed the appraisal of the Francis Road property. (*Id.* ¶ 259.)

late Thomas Gore in December 2006, and (2) the surrender of Defendants' licenses in September of 2008. (Subpoena Ex. 1.)

Defendants and the Board (collectively, "Movants") moved to quash the subpoena, contending that O.C.G.A. § 43-39A-22(d) ("Appraisers Board Statute"), which provides that investigatory reports of the Board "shall not be subject to subpoena in civil actions,"[2] bars the production of these investigative records here. In ruling on these motions, the Court had no doubt that if this case were proceeding in a Georgia court, the Appraisers Board Statute would bar the production of the subject reports. However, in federal court, the Federal Rules of Civil Procedure govern discovery matters, including whether to quash a subpoena. Thus, the Court analyzed whether the Federal Rules authorize quashing the subpoena at issue. (Doc. 138.)

The Court found that the Movants failed to meet their burden of establishing that the subpoena at issue should be quashed pursuant to Rule 45(c)(3) of the Federal Rules of Civil Procedure. Rule 45(c)(3) provides that the Court "must quash or modify a subpoena that . . . requires disclosure of privileged

---

[2] O.C.G.A. § 43-39A-22(d) states:
> The results of all investigations shall be reported only to the board or to the commissioner and the records of such investigations shall not be subject to subpoena in civil actions. Records of investigations shall be kept by the board and no part of any investigative record shall be released for any purpose other than a hearing before the board or its designated hearing officer, review by another law enforcement agency or lawful licensing authority upon issuance of a subpoena from such agency or authority or at the discretion of the board upon an affirmative vote of a majority of the quorum of the board, review by the appraiser, applicant, or appraisal management company that is subject of the notice of hearing after its service, review by the board's legal counsel, or an appeal of a decision by the board to a court of competent jurisdiction.

or other protected matter, if no exception or waiver applies." FED. R. CIV. P. 45(c)(3)(A)(iii). The Court thus assessed whether the investigative reports sought here are either privileged or protected matter.

The Court decided that the investigative reports, although protected by Georgia law, are not privileged. Consistent with Rule 501 of the Federal Rules of Civil Procedure, Georgia law of privilege applies to determine whether the subpoena should be quashed. The Movants presented no authority — and the Court found none — to support the conclusion that investigative reports of the Board are explicitly defined as privileged under Georgia law. (Doc. 138 at 8-11 (citing, *inter alia*, O.C.G.A. § 24-5-501 (codifying a non-exhaustive list of evidentiary privileges); PAUL S. MILICH, Privileges–In General, in COURTROOM HANDBOOK ON GEORGIA EVIDENCE P9 (2012) (listing all evidentiary privileges recognized in Georgia).) Relying on the common understanding of evidentiary privilege, the Court declined to become the first court to explicitly recognize the protections of Georgia's Appraisers Board Statute as an evidentiary privilege. Indeed, there is a strong policy, in both federal and state law, discouraging the recognition of new privileges. *See, e.g.*, *Matter of Int'l Horizons, Inc. v. Committee of Unsecured Creditors*, 689 F.2d 996, 1004 (11th Cir. 1982) ("[T]he rule in this Circuit is that a new [federal] privilege should only be recognized where there is a 'compelling justification.'" (quoting *In re Dinnan*, 661 F.2d 426, 430 (5th Cir. 1981)); *Hollowell v. Jove*, 279 S.E.2d 430, 433 (Ga. 1981) (recognizing the "general policy in favor of discovery and admissibility of

probative evidence"). Thus, the Court held that the Movants failed to meet their burden of establishing that such reports are privileged. The Court also held that the subpoenaed documents were not "other protected matter" under Rule 45. Finding no other basis upon which to quash the subpoena, the Court denied the Movants motions to quash.

On their motion for reconsideration, the Movants now argue that the Court erred because, under Georgia law, "a privilege is the legal right to be exempt from disclosing a communication." (Doc. 139 at 7.) According to the Movants, the Court erroneously set out to find some Georgia legal authority that expressly identifies the protections of the Appraisers Board Statute as an evidentiary "privilege." The Movants argue that the Appraisers Board Statute, although not explicitly establishing a privilege, effectively does just that. Upon further consideration, the Court agrees.

Privileges in Georgia are recognized statutorily or constitutionally. *See* PAUL S. MILICH, *Privileges Defined, in* GA. RULES OF EVIDENCE Part 6, ch. 20, § 20:1. The defining characteristic of an evidentiary privilege is that it protects material from compelled disclosure in court. *See id.* Moreover, a statute that recognizes an evidentiary privilege need not use the term "privilege." For example, Georgia courts have recognized that the protections of the Georgia medical peer review statute, O.C.G.A. § 31-7-133 ("Medical Peer Review Statute") create an evidentiary privilege. *See, e.g.*, *Hosp. Auth. of Valdosta & Lowndes Cnty. v. Meeks*, 678 S.E.2d 71 (Ga. 2009); *Emory Clinic v.* Houston, 369 S.E.2d

5

913 (Ga. 1988); *Emory Univ. Hosp. v. Sweeney*, 469 S.E.2d 70 (Ga. Ct. App. 1996); *see also Jenkins v. DeKalb Cnty.*, 242 F.R.D. 652 (N.D. Ga. 2007); *Doe v. UNUM Life Ins. Co.*, 891 F. Supp. 607 (N.D. Ga. 1995); MILICH, *Medical Privileges and Confidences*, *in* COURTROOM HANDBOOK ON GEORGIA EVIDENCE, *supra*, at M3 (including O.C.G.A. § 31-7-133 and -143, the medical peer review and peer review board privileges, among other recognized medical privileges and confidences). This is true, even though this statute never mentions the term "privilege." As the Medical Peer Review statute protects certain material from forced disclosure, it creates an evidentiary privilege under Georgia law. The same can be said about the Appraisers Board Statute, even though it is less comprehensive in its protections.

The Georgia legislature, in passing the Appraisers Board Statute, expressed its desire to protect from compelled disclosure all records of investigations reported to the Real Estate Appraisers Board. Thus, although not specifically called a "privilege," practically speaking, investigative reports of the Board are statutorily recognized as privileged materials. The Court therefore concludes that it was an error to deny the Movants motion to quash.

To be clear, if this were a case where federal law supplied the rule of decision, the Court would consider whether federal common law recognizes an evidentiary privilege protecting investigative files of a real estate appraisers board and whether there was a superseding federal interest at stake. *See Jenkins v. Dekalb Cnty.*, 242 F.R.D. 652, 655-56 (N.D. Ga. 2007) (declining to recognize a

6

federal peer review privilege in the context of a federal civil rights case). However, the controlling substantive law here is solely the law of Georgia, and thus, as mentioned, Georgia privilege law applies.  *See* Fed. R. Evid. 501.

Lastly, the Court notes that the "privilege" found in O.C.G.A. § 43-39A-22 narrow and only protects the *records* of investigations presented to the Board or to the commissioner of the Board.[3]  Thus, nothing in § 43-39A-22 appears to preclude Plaintiff from taking the deposition of the Board itself, the commissioner himself, or any person privy to the information contained in investigative reports.

## III.  CONCLUSION

For the foregoing reasons, the Movants' motion for reconsideration [Doc. 132] is **GRANTED**.  The Court **VACATES** its March 1, 2013 Order [Doc. 138]. Accordingly, FDIC's subpoena served upon Commissioner William L. Rogers, Jr. ("Commissioner"), for the Georgia Real Estate Appraisers Board, is **QUASHED** to the extent it seeks records of any investigation reported to the Board or the Commissioner pursuant to O.C.G.A. § 43-39A-22(d).

**IT IS SO ORDERED** this 17th day of April, 2013.

_____
**AMY TOTENBERG**
**UNITED STATES DISTRICT JUDGE**

---

[3] The relevant investigations are those investigating actions of any appraiser, applicant, appraisal management company, or school approved by the board.  O.C.G.A. § 43-39A-22(a).